UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GRAYSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-1488-JDP (P)<br><br><br>ORDER |

Plaintiff Jason Grayson, a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983, sues Warden Jeff Lynch and correctional officers Nelson and Vang.  The complaint, as drafted, does not state a cognizable claim.  I will grant plaintiff the opportunity to amend his complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that around 5:00 p.m. on March 14, 2024, plaintiff notified officer J. Diaz that he was experiencing suicidal ideations. ECF No. 11 at 6. Diaz and officer Vazquez, who was also on duty, escorted plaintiff to the medical facility to be evaluated by a clinician. *Id.* A clinician arrived between two and four hours later. *Id.* When plaintiff tried to explain his concerns, the clinician claimed he could not hear plaintiff and left. *Id.* at 6-7. Diaz and Vazquez asked plaintiff if he wanted to return to his cell or wait for a different clinician. *Id.* at 7. Plaintiff opted to see another clinician, but this time, the officers returned plaintiff to a safety cell, which, according to the complaint, was covered with blood and bird feces and was outside. *Id.* at 8. Plaintiff waited in the safety cell for four hours until another clinician arrived. *Id.* The clinician did not help plaintiff and instead told plaintiff he needed to return to his cell. *Id.* at 8-9. Diaz

2

offered plaintiff the opportunity to wait for yet another clinician, which plaintiff accepted. *Id.* at 9.

Shortly after plaintiff agreed to wait for another clinician, Diaz was relieved by defendant Vang; this occurred during a shift change, around 10:00 p.m. *Id.* Plaintiff started to get cold in the safety cell and his arthritis started to flare up from standing for so many hours. *Id.* Plaintiff asked Vang if he called for another clinician, to which Vang responded that defendant Nelson had called for one. *Id.* Following this interaction, Vang ignored plaintiff for the remainder of Vang's shift, which lasted approximately eleven hours. *Id.* at 9, 11. During the next shift change, plaintiff agreed to return to his cell because he believed he was not going to receive help. Plaintiff claims that he was not provided with medical care as punishment for seeking medical help. *Id.* at 10. Plaintiff also alleges that defendant Warden Lynch is at fault for failing to correct the misconduct of the other defendants. *Id.* at 11.

Plaintiff has failed to allege a cognizable claim against any of the defendants. As an initial matter, plaintiff's claims against Warden Lynch are nonviable. He alleges that, as warden, he is responsible for correcting misconduct by officers. *Id.* at 5. There is no *respondeat superior* liability under section 1983, however. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Warden Lynch can be held liable only for his own personal involvement, and plaintiff has not alleged that he was directly involved in or aware of his situation.

As for the remaining two defendants, the complaint fails to state a claim against them. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*,

429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

The complaint alleges that plaintiff opted to wait for a clinician and that Vang and Nelson called for a clinician during their shift. The fact that a third clinician did not evaluate plaintiff in the span of one day does not demonstrate deliberate indifference. Indeed, plaintiff alleges that the harm he suffered was waiting for the third clinician, but he also admits that it was his choice to wait a third clinician instead of returning to his cell. Finally, plaintiff's allegation that Vang and Nelson punished him for seeking medical help is conclusory and unsupported by any factual allegation.

I will allow plaintiff a chance to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 11, is dismissed with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   December 3, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE