UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GRAYSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-1488-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Vang, a correctional officer, alleging that Vang violated his Eighth Amendment right against cruel and unusual punishment. ECF No. 15. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

In his second amended complaint, plaintiff alleges substantially the same facts as were alleged in his first amended complaint. ECF No. 15. He alleges that at approximately 5:00 p.m. on March 14, 2024, he informed officer Diaz that he was experiencing suicidal ideations. *Id.* at 7. He claims that Diaz and Vazquez, another officer on duty, escorted him to the medical facility to be evaluated by a clinician, who arrived between two and four hours later. *Id.* When plaintiff tried to explain his concerns, he alleges that the clinician stated that he could not hear plaintiff and left. *Id.* Diaz and Vazquez asked plaintiff whether he wanted to return to his cell or wait for a different clinician. *Id.* Plaintiff claims that he opted to see another clinician, but this time, the officers returned plaintiff to a safety cell, which was outside and covered with blood and bird feces. *Id.* at 8. Plaintiff alleges that he waited in the outdoor cell for four hours until another clinician arrived. *Id.* After speaking to this clinician, the clinician determined that plaintiff could

1  return to his cell, but plaintiff was not satisfied with this response.  *Id.*  Diaz offered to take

2  plaintiff back to his cell, but plaintiff declined.  *Id.*

3       Shortly thereafter, Diaz was relieved by defendant Vang during a shift change around

4  10:00 p.m.  *Id.* at 9.  Plaintiff alleges that it began to get cold in the safety cell and his arthritis

5  started to flare up from standing for so many hours.  *Id.*  Plaintiff claims that he asked Vang if

6  Vang had called for another clinician, and Vang responded that he and another individual had

7  called for one.  *Id.*  Following this interaction, Vang ignored plaintiff for the remainder of Vang's

8  shift.  *Id.*  During the next shift change, plaintiff alleges that he was approached by two other

9  officers who informed him that no clinician was coming, and that if he did not return to his cell,

10  "things would get worse for him."  *Id.*  Plaintiff returned to his cell after informing these two

11  officers that he remained suicidal.  *Id.*

12       Plaintiff claims that Vang carelessly deprived him from accessing mental health care by

13  ignoring his requests for a psychological evaluation.  *Id.* at 14.  He also contends that Vang

14  observed him standing outside for almost eleven hours, overnight, in forty-degree weather with

15  nothing to shield him from the elements.  *Id.*  He alleges that placement in the outside cell was

16  used as punishment after he sought to access mental healthcare resources.  *Id.*

17       Plaintiff's complaint fails to state a viable Eighth Amendment claim.  Deliberate

18  indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription

19  against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

20  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by*

21  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

22  determination of "deliberate indifference" involves an examination of two elements: the

23  seriousness of the prisoner's medical need and the nature of the defendant's response to that need.

24  *See McGuckin*, 974 F.2d at 1059.

25       A "serious" medical need exists if the failure to treat a prisoner's condition could result in

26  further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle*,

27  429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a

28  substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

3

1  it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of
2  facts from which the inference could be drawn that a substantial risk of serious harm exists," but
3  he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but
4  was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.
5  *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

6  There is no indication in these pleadings that Vang knew plaintiff faced a substantial risk
7  of serious harm or disregarded that risk by failing to take reasonable steps to abate it. *See*
8  *Farmer*, 511 U.S. at 837. Instead, the complaint alleges that plaintiff opted to wait for a clinician
9  in the outside cell, and that Vang and another officer informed plaintiff that they had called for a
10 third evaluation. Plaintiff makes no allegation that he sought to go inside at any point, or that
11 Vang knew he was uncomfortable or needed assistance while inside the safety cell. Finally,
12 plaintiff's allegation that Vang punished him for seeking medical help is conclusory and
13 unsupported by any factual allegation, as plaintiff's allegations demonstrate that he was already in
14 the cell when Vang's shift started, and plaintiff does not allege that Vang purposefully kept him
15 inside the cell for any other reason than to await a clinician.

16 Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
17 plaintiff another opportunity to amend his complaint before recommending that this action be
18 dismissed. Plaintiff should also take care to add specific factual allegations against each
19 defendant. If plaintiff decides to file an amended complaint, the amended complaint will
20 supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)
21 (en banc). This means that the amended complaint will need to be complete on its face without
22 reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is
23 filed, the current one no longer serves any function. Therefore, in an amended complaint, as in
24 the original, plaintiff will need to assert each claim and allege each defendant's involvement in
25 sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer
26 to the appropriate case number. If plaintiff does not file an amended complaint, I will
27 recommend that this action be dismissed.

28 Accordingly, it is hereby ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 15, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   March 11, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE