UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GRAYSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-1488-JDP (P)<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Vang, a correctional officer, and Sergeant Nelson, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 15. For the purposes of screening, plaintiff has sufficiently alleged an Eighth Amendment conditions of confinement claim against Vang. However, the remainder of his allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein, or he may proceed only on the cognizable Eighth Amendment claim.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1 which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2 relief. *Id.*

3       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

21       In his third amended complaint, plaintiff alleges that at approximately 5:00 p.m. on March
22 14, 2024, he informed officer Diaz that he was experiencing suicidal ideations. ECF No. 18 at 8.
23 He claims that Diaz and Vazquez, another officer on duty, escorted him to the medical facility to
24 be evaluated by a clinician, who arrived between two and four hours later. *Id.* When plaintiff
25 tried to explain his concerns, he alleges that the clinician stated that he could not hear plaintiff
26 and left. *Id.* at 9. Diaz and Vazquez asked plaintiff whether he wanted to return to his cell, but
27 plaintiff insisted on seeing another clinician. *Id.* at 9-10. Plaintiff alleges that Diaz and Vazquez
28 then took him to an outside holding cell covered in bird feces and blood. *Id.* at 10. Two to four

1  hours later, another clinician arrived and spoke with plaintiff. *Id.* at 11.  This clinician
2  determined that plaintiff could return to his cell, but plaintiff was not satisfied with this response.
3  *Id.*  Diaz offered to take him back to his cell, but plaintiff declined, stating that he would wait in
4  the outside cell until he got help. *Id.*

5  Shortly thereafter, Diaz was relieved by defendant Vang during a shift change. *Id.*
6  Plaintiff alleges that it began to get cold in the cell and his arthritis started to flare up from
7  standing for so many hours. *Id.* at 12.  He alleges that he called Vang to the outside cell and
8  informed Vang that he was in pain, and he asked if Vang had called for another clinician, and
9  Vang responded that he and another individual had called for one. *Id.*  Following this interaction,
10 plaintiff alleges that Vang "watched plaintiff suffer in silence and intentionally ignored his
11 welfare and plea for mental health treatment." *Id.*  He alleges that he remained in the cell
12 overnight in thirty-to-forty-degree temperatures. *Id.* at 12-13.

13 During the next shift change, plaintiff alleges that he was approached by two other
14 officers, who informed him that no clinician was coming, and that if he did not return to his cell,
15 things would "get worse" for him. *Id.* at 13.  Plaintiff ultimately returned to his cell. *Id.*

16 Plaintiff claims that Vang left him "to freeze" and failed to contact a clinician, which
17 could have prevented him from staying in the outside cell overnight. *Id.* at 14.  He contends that
18 Vang and Nelson acted with a deliberate indifference to his mental health needs by falsely
19 informing him that they had contacted a clinician. *Id.* at 15.  He also alleges that Vang and
20 Nelson acted with a deliberate indifference when they left him outside overnight in frigid
21 temperatures, and when they placed him in the holding cell. *Id.*

22 As an initial matter, plaintiff's allegations against Nelson fail to state cognizable Eighth
23 Amendment claims because there is no indication in the complaint that Nelson was involved in
24 any wrongdoing. *See Ivey*, 673 F.2d at 268 ("Vague and conclusory allegations of official
25 participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

26 As for plaintiff's claims against Vang, plaintiff sufficiently alleges a cognizable Eighth
27 Amendment conditions of confinement claim, but his remaining allegations fail.  First, plaintiff
28 alleges that Vang's actions in knowingly keeping him outside in extremely cold temperatures

violated the Eighth Amendment. To establish an Eighth Amendment violation, a plaintiff must allege that he was deprived of something sufficiently serious, and that the deprivation occurred with a deliberate indifference to the plaintiff's health or safety. *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009). Inhumane conditions of confinement can violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Inhumane conditions can take many forms, and the deprivation of "minimal civilized measure of life's necessities" such as adequate food, clothing, shelter, medical care, or safety can violate the Eighth Amendment. *Id.* at 834; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). "The Eighth Amendment guarantees adequate heating." *Kennan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

Plaintiff sufficiently alleges that Vang subjected him to prolonged freezing temperatures knowing that plaintiff was in pain, and that Vang ignored his pleas for help. *See* ECF No. 15 at 12-14. These claims sufficiently allege that plaintiff was deprived of adequate heating, *see Kennan*, 83 F.3d at 1091, and that Vang was deliberately indifferent, *see Farmer*, 511 U.S. at 837.

Plaintiff's remaining allegations against Vang fail to state a claim. Plaintiff alleges that Vang's failure to obtain an additional clinician violated his right to receive adequate healthcare. However, such claim fails to sufficiently allege that Vang acted with a deliberate indifference to plaintiff's mental health needs. Plaintiff's allegations state that Vang called for a mental health clinician to come evaluate him, but no clinician came. These allegations do not demonstrate that Vang failed to take reasonable steps to abate a serious risk to plaintiff's mental health care. *See id.* While plaintiff believes Vang did not actually call for a clinician, his allegations are speculative and insufficient to state a claim. *See Ivey*, 673 F.2d at 268.

    Plaintiff further claims that Vang's actions in placing him in the outside holding cell violated his Eighth Amendment rights, but his allegations do not support this contention. Plaintiff alleges that Diaz and Vazquez, not Vang, placed him in the outside holding cell; neither Diaz nor Vazquez is a named defendant in this action. As such, plaintiff does not adequately state a claim against Vang for placing him in the outside holding cell.

    Plaintiff may either notify the court that he wishes to proceed only with his Eighth Amendment conditions of confinement claim against Vang, in which case I will direct service, or plaintiff may elect to amend his complaint. If plaintiff amends his complaint, I will delay serving any defendant and will screen his amended complaint in due course. Plaintiff is reminded that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Fourth Amended Complaint" and refer to the appropriate case number.

    Accordingly, it is hereby ORDERED that:

1. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his Eighth Amendment conditions of confinement claim against Vang, or he must file an amended complaint. If he selects the latter, no defendant will be served until the new complaint is screened.

2. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    May 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5